0720

STATE of South Carolina, Respondent v. Charles Edward BLAKE, Respondent. Ex parte SIGMA DELTA CHI, SOCIETY OF PROFESSIONAL JOURNALISTS, LOW-COUNTRY CHAPTER, Appellant.

(344 S. E. (2d) 385)

Court of Appeals

*Thomas S. Tisdale, Jr.* and *Carol B. Ervin,* of *Young, Clement, Rivers & Tisdale,* Charleston, *for appellant.*

*Robert Rosen* and *Alvin Hammer,* Charleston, and *Charles M. Condon, Solicitor of the Ninth Judicial Circuit, for respondents.*

Submitted Feb. 27, 1986.

Decided May 27, 1986.

LITTLEJOHN, Acting Judge:

Charles Edward Blake was arrested December 17, 1984 and charged with aggravated murder, three counts of kidnapping, three counts of criminal sexual conduct, six counts of armed robbery, one count of assault with intent to commit criminal sexual conduct, two counts of housebreaking, one count of burglary, one count of entering without breaking, one count of privily stealing, and one count of aggravated assault and battery. Other charges were filed in an adjoining county. Counsel for Blake requested a closed preliminary hearing on these charges. The Chief Magistrate for Charleston County denied the request.

On January 4, 1984, counsel for Blake served and filed a motion in the Court of General Sessions to close the preliminary hearing to the press and public. A hearing was held before a circuit judge, and evidence was received in support of the contention that a public preliminary hearing would have a prejudicial effect on Blake's right to a fair trial.

The circuit judge agreed with counsel for Blake and issued his order on January 9, 1984, directing that the preliminary hearing before the magistrate be closed.

The circuit judge issued a supplemental order on January 20, 1984, further restraining the publicizing of records, etc. incident to the hearing.

On February 29, 1984, Sigma Delta Chi, society of professional journalists, moved before the same circuit judge for a hearing contesting (1) the court's closure of the preliminary hearing, (2) the court's oral order closing the files of the Clerk of Court, and (3) the order of the court restricting the release of information concerning the case by witnesses and public officials involved. The fraternity is not a party to the proceeding; and it was not until February 29, 1984, that it

showed an interest in the matter. Blake, by written objections filed with the Clerk, opposed consideration of the fraternity's motions by the circuit court judge.

On April 9, 1984, the circuit judge filed his order in which he held that the Criminal Court of General Sessions was not the forum for the fraternity to seek its remedy. In his order, the judge said: "The Court concludes that General Sessions is neither a proper nor appropriate forum to litigate the issues raised in Sigma Delta Chi's Motion, and that the Court, sitting in General Sessions, lacks jurisdiction over both the 'person' of the Litigant and over the subject matter raised." The fraternity is not engaged in the business of disseminating information. Its right can be no greater than that of a citizen.

At some time prior to June 5, 1984, Blake plead guilty; and accordingly, a ruling by this Court today has no practical effect insofar as this particular case is concerned. It is the position of the counsel for Blake that the whole matter is now moot. After a guilty plea was entered, the circuit court judge issued an order freeing all records to the press and to the public. We agree the issue is moot but discuss the case for its precedential value and for the guidance of the bench and bar.

In *Steinle v. Lollis,* 279 S. C. 375, 308 S. E. (2d) 230 (1983), the Supreme Court of South Carolina dealt with the rights of the public and the press to participate in pretrial proceedings. In that case, the magistrate holding a preliminary hearing closed the proceeding to members of the press. The Court held such action appropriate providing the magistrate placed on the record findings that closure of a preliminary hearing was determined by reasonable probability of prejudice to the accused person.

Here the magistrate refused to close the hearing. The question we are called upon to answer is: What are the rights of, first the defendant himself, and secondly what are the rights of the public and the fraternity? We hold that the fraternity had no right to seek relief in the Court of General Sessions because the accused person had no right to appeal the ruling of the magistrate denying closure. The ruling of the circuit judge ordering closure might have been superseded by a higher court.

In his order, the circuit judge articulated good reason why the fraternity should not be allowed to participate in the proceeding at the point it attempted to enter. His reasoning is just as persuasive for the proposition that an immediate appeal before a preliminary hearing was concluded was improper. In his order, the circuit judge said:

> It would be a dangerously disruptive precedent to grant standing in General Sessions Court to parties to litigate their rights under orders of that court by which they are only incidentally effected. A major problem is there is no practical mechanism in General Sessions Court to issue Orders binding on classes of litigants who may be incidentally effected by an Order. For example, Newsperson 'A' demands and receives a hearing on the closure of a Court proceeding. Thereafter, Newsperson 'B' dissatisfied with the ruling in the case of 'A', demands a hearing and asserts that he or she was not a party to the first, and is, therefore, not bound by the ruling in the case of 'A.' The problem is not limited strictly to the rights of the press. If the press had standing to litigate its right in General Sessions Court, why would any citizen or courtroom spectator not have similar right when he or she felt aggrieved by an Order affecting them?

In holding that the press should not be allowed to participate in the case to the disruption of normal procedures, the circuit court judge used good reasoning. We think, however, the reasoning should have been applied earlier when the defendant sought to appeal the magistrate's denial of closure. The ruling of the magistrate was interlocutory or at least in the nature of an interlocutory order; and the right to appeal from such order should await the result of the preliminary hearing if not the result after a trial on the merits. After all, the defendant might prevail either at the preliminary hearing stage or in General Sessions Court when the case is tried on its merits.

If an accused person is entitled to appeal to the circuit court judge under the facts of this case, presumably he would also have the right to further appeal to the South Carolina Supreme Court and perhaps to the United States

Supreme Court upon rulings adverse to him. Unfortunately, some errors (if they be) cannot be corrected immediately. Normally, each court should be allowed to complete its function before appeal is taken to a higher court.

We think that *Steinle* anticipates that such rights as the press and/or the public may have in seeking an open hearing should be asserted before the magistrate having authority to exercise a discretion in the matter. Certainly such rights should not be asserted for the first time at the appellate level.

Affirmed.

CURETON, J., concurs.

GOOLSBY, J., dissents in separate opinion.

GOOLSBY, Judge (dissenting):

I respectfully dissent. As I read its order, the Court of General Sessions held it lacked jurisdiction over the person of Sigma Delta Chi and of the subject matter of Sigma Delta Chi's motion because Sigma Delta Chi had no standing "to litigate orders of [the Court of General Sessions] by which [Sigma Delta Chi is] only incidentally [a]ffected." I would hold that Sigma Delta Chi has standing to question the validity of the closure order issued by the Court of General Sessions and that the instant action is not moot.

The weight of authority is that the media, though not parties to a criminal prosecution, may nonetheless contest pre-trial closure orders within the context of a criminal action. *See United States v. Criden*, 675 F. (2d) 550 (3rd Cir. 1982); *Belo Broadcasting Corp. v. Clark*, 654 F. (2d) 423 (5th Cir. 1981); *United States v. Gurney*, 558 F. (2d) 1202 (5th Cir. 1977), *cert. denied*, 435 U. S. 968, 98 S. Ct. 1606, 56 L. Ed. (2d) 59 (1978); *United States v. Cianfrani*, 573 F. (2d) 835 (3rd Cir. 1978); *United States v. Schiavo*, 504 F. (2d) 1 (3rd Cir. 1974) *(en banc), cert. denied*, 419 U. S. 1096, 95 S. Ct. 690, 42 L. Ed. (2d) 688 (1974); *R. W. Page Company v. Lumpkin*, 249 Ga. 576, 292 S. E. (2d) 815 (1982); *News American Division, Hearst Corp. v. State*, 294 Md. 30, 447 A. (2d) 1264 (1982); *Patuxent Publishing Corp. v. State*, 48 Md. App. 689, 429 A. (2d) 554 (1981); *Keene Publishing Corp. v. Cheshire County Superior Court*, 119 N. H. 710, 406 A. (2d) 137 (1979); *State v.*

*Williams,* 93 N. J. 39, 459 A. (2d) 641 (1983); *Richmond Newspapers, Inc. v. Commonwealth,* 222 Va. 574, 281 S. E. (2d) 915 (1981).

Because the underlying dispute between the parties is one which, in my view, is "capable of repetition, yet evading review," the issue concerning the validity of the closure order is not moot. *See e.g., Nebraska Press Association v. Stuart,* 427 U. S. 539, 96 S. Ct. 2791, 49 L. Ed. (2d) 683 (1976).

I would reverse and remand and thereby afford Sigma Delta Chi an opportunity to be heard on the issue of closure.